IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3215-FL

| | |
|---|---|
| STEVEN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| DOCTOR STEVEN BRUNDEN, | ) |
| | ) |
| Defendant. | ) |

Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

In this case, plaintiff alleges that, on July 27, 2010, the Federal Bureau of Prisons' physicians examined him and concluded that his arteries contained "excessive plaque." Compl. (DE 4) p. 3. Plaintiff then was taken to Durham Regional Hospital. At Durham Regional Hospital, defendant Dr. Steven Brunden ("defendant") examined plaintiff and "ordered that surgery be effective[] immediately." Id. Defendant assured plaintiff that "he would be alright" and that the "procedure [was] a mere 'removal process.' " Id. However, while plaintiff was in surgery, "some of the [p]laque broke off into the Plaintiff's blood and flowed to his brain[] which allegedly blocked the flow of blood to the passage of the brain and allegedly caused a massive stroke which paralyzed the plaintiff's entire left side of his body for the rest of his life." Id. p. 4. Plaintiff alleges that defendant "failed to inform [him] that such possibility would occur." Id.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Deliberate indifference "sets a particularly high bar to recovery." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "In order to establish a claim of deliberate indifference to a medical need, the need must be both apparent and serious, and the denial must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "[D]eliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Here, plaintiff contends that defendant violated his Eighth Amendment rights because defendant failed to advise plaintiff that plaintiff's surgery involved the risk of a stroke. However, a claim asserting that a physician failed to advise an inmate patient of the risks involved with a surgery is a claim which sounds in negligence,[1] which is not sufficient to state an Eighth Amendment claim. See Johnson, 145 F.3d at 168; see e.g. Fishback v. Department of Public Safety and Correctional Services, No. JFM-07-1883, 2008 WL 7730383, at *1, n.5 (D. Md. Sept. 17, 2008), aff'd 325 F. App'x 188 (4th Cir. May 8, 2009); Pabon v. Wright, 459 F.3d 241, 250 (2nd Cir. 2006) ("[I]nadvertent failures to impart medical information cannot form the basis of a constitutional

---

[1] The court notes that plaintiff's own allegations characterize defendant's conduct as negligent, and that plaintiff provides no facts stating that defendant knew of and disregarded an objectively serious condition.

violation."); <u>Hutchinson v. Razdan</u>, No. 11-20159-Civ-COHN, 2013 WL 811882, at *7 (S.D. Fla. Jan. 29, 2013) ("A claim regarding lack of informed consent without more is one of medical negligence, not deliberate indifference and . . . negligent conduct . . . does not rise to the level of a constitutional violation."). Further, the fact that defendant's treatment was not effective does not give rise to a constitutional violation. <u>See e.g.</u>, <u>Russell</u>, 528 F.2d at 319.

Based upon the foregoing, plaintiff has not stated facts sufficient to satisfy the subjective element of his Eighth Amendment test. Because plaintiff failed to allege facts to support the subjective prong of the Eighth Amendment test, he fails to state an Eighth Amendment violation, and plaintiff's action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this the 31st day of May, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge